UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BARBARA HALL,

          Plaintiff,

v.

GLENN WALTERS, *et al*,

          Defendants.

Civil Action No. 3:13–CV–210

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss filed by Defendant Glenn Walters (ECF No. 4) and a Motion to Remand filed by Plaintiff Barbara Hall (ECF No. 7). On July 8, 2013, the Court heard oral argument on both Motions. For the reasons stated below, the Court GRANTS the Motion to Remand and DENIES the Motion to Dismiss AS MOOT.

**I.    BACKGROUND**[1]

On April 3, 2013, Defendants The Kroger Co., Kroger Supermarket, Kroger Group, Inc., Kroger Group Cooperative, Inc. (collectively "Kroger") and Defendant Glenn Walters ("Walters")(together "Defendants") removed the above-captioned matter from the Circuit Court for the City of Richmond, Virginia to this Court. Plaintiff Barbara Hall ("Hall") alleges that around 4:00 p.m. on or about July 19, 2011, she was severely and permanently injured at a Kroger Supermarket in Hanover County, Virginia after slipping and falling on a green bean that was on the floor.

---

[1] For the purposes of the Motion to Dismiss, the Court assumes all of Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004)(citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). *See* Fed. R. Civ. P. 12(b)(6).

In Count One, Hall alleges that Walters, a manager of the store, was working with the green beans and negligently caused and/or allowed a green bean to be on the floor prior to Hall's fall. Hall further alleges that Walters negligently failed to warn her of the danger caused by the presence of the green bean on the floor. In Count Two, Hall also asserts claims of negligence and negligent failure to warn against Kroger due to the alleged actions of its agents, servants, and employees. With respect to both counts, Hall asserts that she has suffered severe and permanent injuries, "will continue to suffer in the future great pain of body and mind," and has incurred and will incur in future large medical expenses, loss of income and earnings, and other damages related to this accident. (Compl. ¶ 4.) Hall has sued for a sum of $250,000 in damages.

The parties dispute whether this matter is properly before this Court. Upon removal to this Court, Defendants represented that while Kroger is incorporated in Ohio and has its principal place of business in Ohio, both Hall and Walters are domiciled in Virginia. (Notice of Removal ¶¶ 1-4.) Walters filed a Motion to Dismiss on April 23, 2013 arguing that he should be dismissed as a defendant because he was fraudulently joined in order to defeat diversity jurisdiction since, without his presence, there would be complete diversity between Plaintiff and all defendants. On April 26, 2013, Hall filed a Motion to Remand arguing that this Court lacks subject matter jurisdiction because Walters is not fraudulently joined, and thus, there is no complete diversity giving rise to diversity jurisdiction. Both matters have been fully briefed and are ripe for review.

II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, or where the amount in controversy exceeds $75,000 and the matter is between citizens of different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under § 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir. 1999)(internal citations omitted). A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. § 1441(a), (b).

The party seeking removal has the burden of establishing federal jurisdiction, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal of a case from state court "raises significant federalism concerns," removal jurisdiction must be strictly construed, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* at 151. If at any time before final judgment it appears the district court lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

One exception to the requirement of complete diversity where federal jurisdiction is premised upon § 1332 is when a defendant has been fraudulently joined. Under the fraudulent joinder doctrine, a federal court may assume jurisdiction over a case where there is not complete diversity and dismiss the in-state defendants if it finds that the nondiverse defendants were fraudulently joined in order to destroy the court's federal diversity jurisdiction. *Mayes*, 198 F.3d at 461. When a party removes to federal court on the ground of fraudulent joinder, the removing party must establish either that "there is *no*

3

*possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or that "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)(internal citations omitted)(emphasis in original). The burden is heavy on a removing party who claims fraudulent joinder to show that "the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33 (citing *Poulos v. NAAS Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992)). "A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Id.* at 233 (internal citations omitted).

"In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)(internal citations omitted). The Court may consider affidavits and deposition transcripts, and "[i]n this respect, the 'proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P., Rule 56(b).'" *Beaudoin v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995)(internal citations omitted). "The court must rule in favor of the plaintiff if there is 'any reasonable possibility that a state court would rule against the non-diverse defendant.'" *Id.* (citing *Poulos*, 959 F.2d at 73.

### III. DISCUSSION

Walters' Motion to Dismiss and Hall's Motion to Remand concern the same essential question: whether this Court has jurisdiction over Hall's personal injury claim. Walters argues that there is no possibility that Hall would be able to establish an action against him

4

in state court, and therefore, that he was fraudulently joined in order to defeat diversity jurisdiction. Walters maintains that, under Virginia law, when a plaintiff sues an employee of a company in tort, the employee may be personally liable for his misfeasance, meaning affirmative acts done improperly, but not for his nonfeasance, meaning his failure to do some act that ought to have been done. Walters acknowledges that he was the co-manager of the store at the time of the incident and was working on the relevant date (Decl. of Glenn Walters ¶¶ 1, 3.) Walters represents that he occasionally works in the produce section, but that he did not work with or near green beans during at least the one hour immediately preceding the alleged incident. (*Id.* at ¶¶ 2-3.) Walters asserts that he did not cause or allow the green bean to be on the floor and did not have any actual or constructive notice of its presence. Accordingly, Walters argues that Hall cannot prevail in state court because, at most, she alleges only that Walters is responsible for an act of nonfeasance in failing to warn of the green bean's presence. Further, Walters argues that he should be dismissed as a defendant because even if he is found liable, Hall stands to collect any damages awarded from the better-resourced Kroger, Walters' employer at the time of the incident.[2]

In contrast, Hall maintains that remand is necessary because Walters was not fraudulently joined and the Court otherwise lacks subject matter jurisdiction. Hall argues that the Complaint clearly alleges affirmative acts of negligence by asserting that Walters: "negligently caused . . . certain dangerous, hazardous and unsafe conditions in, on and

---

[2] "There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants." *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 691-92 (4th Cir. 1978). However, whether to dismiss a nominal, non-diverse party in order to achieve diversity is within the discretion of the district court. *See id.* at 691. While it appears likely that Walters' presence as a defendant is not essential since Plaintiff has also sued Kroger, the Court will in its discretion refrain from dismissing Walters in order to create diversity.

5

about the aforesaid Kroger Supermarket. Specifically, the defendant, Glenn Walters, caused . . . a green bean to be on the floor of the Kroger Supermarket while working with the green beans prior to the plaintiff's fall." (Compl. ¶ 4.) Hall cites Walters' acknowledgment that he sometimes works with green beans and other produce (*see* Mem. Supp. Mot. Remand. Ex. C), and his purported admission after she initially reported the fall to him that he "had just been working with the green beans," (*see* Decl. Barbara Hall ¶ 6) as support for her claim that there is at least a slight possibility that she can establish a cause of action against Walters. To the extent that some of Hall's allegations could be construed to be allegations of nonfeasance or omissions, Hall argues that alternative pleading is permitted under the Federal Rules of Civil Procedure. Because Hall maintains that Walters was not fraudulently joined, she asserts that this Court must remand this matter to state court.

There is a lack of complete diversity in this matter, and because Walters has failed to establish that he was fraudulently joined, this Court lacks subject matter jurisdiction. In Virginia, an employee who injures a third person is liable to that person only if he or she owes the third person a personal duty, which depends on whether the employee's alleged act is one of misfeasance or nonfeasance. *See Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298 (1993). "An employee may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed)." *Id.* at 298-99 (finding no possibility that plaintiff could recover from the manager of a cafeteria where she slipped and fell because plaintiff merely alleged nonfeasance). Thus, "[u]nder Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of

employee of the owner or operator, he or she is guilty of an omission." *Beaudoin*, 886 F.Supp. at 1303 (internal citations omitted). Accordingly, there is no possibility that Hall can prevail against Walters in state court for negligence if Hall alleges only that Walters is liable for failing to take some action that should have been taken.

In this case, Hall asserts two theories of negligence by alleging that Walters "caused and/or allowed a green bean to be on the floor of the Kroger Supermarket while working with the green beans prior to the plaintiff's fall," and that Walters "negligently failed to warn [Hall] of the dangerous, hazardous and unsafe conditions . . . caused by the green bean on the floor." (Compl. ¶ 4.) While the latter claim alleges nonfeasance in Walters' purported failure to warn Hall that the green bean was on the floor, the former claim alleges misfeasance in that Walters affirmatively caused the green bean to be on the floor while he was working with this section of produce.

Both state and federal courts have found that, under Virginia law, a plaintiff who alleges only an employee's failure to detect, remove, or warn of a danger has failed to state a claim of misfeasance for which the employee may be personally liable. By example, there was no possibility of recovery for the plaintiff in *Harris v. Morrison, Inc.* against the manager of the cafeteria where she slipped and fell because the plaintiff did not allege that the manager personally caused the accident or committed any affirmative act contributing to the accident. *See Harris*, 32 Va. Cir. at 299. *See also Logan v. Boddie-Noell Enters.*, 834 F.Supp.2d 484, 489 (W.D. Va. 2011)(plaintiff failed to state a negligence claim against a restaurant manager after plaintiff slipped on a watery substance because the manager did not spill the substance or track it in from outside and her alleged conduct in failing to clean the floors or post a warning sign constituted mere omissions).

Similarly, a plaintiff's claims against unknown employees of a restaurant where he allegedly bit into a hot dog containing a "hard, unnatural foreign object" were dismissed in *Saunders v. Boddie-Noell Enters.* because the plaintiff alleged only that these employees failed to shield the hot dog from electrical work being done in the restaurant at the time and failed to properly inspect, detect, and remove the object before preparing and serving the hot dog. *Saunders v. Boddie-Noell Enters.*, No. 7:08cv110, 2008 U.S. Dist. LEXIS 48715, at *5 (W.D. Va. June 25, 2008). Although the employees took an affirmative act in preparing and serving the hot dog, the Western District of Virginia found that there was no possibility that the employees could be held liable under Virginia law because it was their alleged nonfeasance in failing to detect and remove the object from the hot dog that caused the injury rather than any misfeasance in the act of preparing and serving the hot dog (for instance, if they had affirmatively placed the object into the hot dog before cooking it). *Id.* at *6; *see also Logan*, 834 F.Supp.2d at 490 n.4 (citing *Saunders*). Because the plaintiff only alleged nonfeasance, the court found that these defendants were fraudulently joined in order to defeat diversity jurisdiction and dismissed the defendants. *Id*.

In contrast, Hall alleges not only that Walters failed to warn of the presence of the green bean on the floor, but that Walters actually caused the green bean to be on the floor while he was working with the green beans that day, thereby causing Hall's injury. Unlike the aforementioned cases, Hall's allegation that Walters caused the green bean to land on the floor while working with the produce asserts a claim of misfeasance, namely that Walters affirmatively performed some act improperly. *See Harris v. Webster*, No. 3:08CV397, 2008 U.S. Dist. LEXIS 72271, at * 9-11(E.D. Va. Sept. 23, 2008)(plaintiff asserted an affirmative act of negligence by a grocery store manager when she alleged that the

manager told an employee not to clean up a laundry detergent spill because the store was busy). Accordingly, even if this claim does not ultimately succeed upon summary judgment or at trial, it is apparent that Hall has sufficiently alleged a claim at this stage for which recovery in state court is at least possible. Further, Walters does not attempt to argue that there is any outright fraud in Hall's pleading of the jurisdictional facts. For these reasons, Walters has failed to establish fraudulent joinder. *See Marshall*, 6 F.3d at 233 ("A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted")(internal citations omitted). Accordingly, the Court hereby GRANTS Hall's Motion to Remand, remanding this case to the Circuit Court for the City of Richmond, and DENIES Walters' Motion to Dismiss AS MOOT.

## IV. CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss AS MOOT.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this ___9th___ day of July 2013.